UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY SIMPSON,                          No. 2:03-CV-00591-MCE-GGH

             Plaintiff,

    v.                                 <u>ORDER</u>

SERGEANT THOMAS,

             Defendant.

----oo0oo----

On March 5, 2007, this Court entered judgment in Defendant's favor following a defense verdict returned by the jury following trial on March 2, 2007.  On March 19, 2007, Plaintiff moved for a new trial pursuant to Federal Rule of Civil Procedure[1] 59 and Local Rule 59-291.  As set forth below, Plaintiff's Motion for New Trial ("Motion") is denied.

///

///

///

---

[1]All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1    Plaintiff's new trial request is premised on the assertion

2  that this Court committed legal error in two respects, and that

3  those purported errors substantially prejudiced Plaintiff's case,

4  thereby entitling him to relief under Rule 59.  First, Plaintiff

5  alleges that the Court made an erroneous evidentiary ruling by

6  excluding evidence pertaining to the propriety of disciplinary

7  proceedings instituted against him for assault as a result of the

8  prison altercation underlying this litigation.  Second, Plaintiff

9  contends that the Court improperly denied Plaintiff's so-called

10 Batson/Edmondson challenge to Defendant's peremptory removal of

11 the sole African-American individual from the jury.

12    In opposition to Plaintiff's Motion, Defendant makes a

13 preliminary procedural argument that the Motion is untimely on

14 grounds that it was filed on March 19, 2007, more than ten days

15 following the March 5, 2007 entry of judgment, in contravention

16 of Rule 59(b).  Although Defendant is correct that the Court

17 cannot extend the ten-day window for bringing a Motion for New

18 Trial under Rule 59(b), and that said time limitation is akin to

19 a jurisdictional limitation (See Rule 6(b); Tillman v. Ass'n of

20 Apartment Owners of Ewa Apartments, 234 F.3d 1087, 1089 (9th Cir.

21 2000)), Defendant neglects to point out that Rule 6(a) expressly

22 provides that where the prescribed time for taking action under

23 the Federal Rule of Civil Procedure is eleven days or less,

24 "intermediate Saturdays, Sundays, and legal holidays shall be

25 excluded in the computation."  Plaintiff's Motion is in fact

26 timely when that exclusion from counting the requisite ten days

27 is considered.

28 ///

1    Plaintiff's arguments do not, however, fare as well on a
2    substantive basis.  With respect to the Court's allegedly
3    erroneous evidentiary ruling, it granted Defendant's pre-trial
4    Motion in Limine to exclude evidence undermining the propriety of
5    Defendant's prison disciplinary proceedings, on grounds that such
6    evidence would run afoul of the strictures of Heck v. Humphrey,
7    512 U.S. 477 (1994).  In Heck, the Supreme Court held that a
8    prisoner in state custody (like Plaintiff herein) cannot use a
9    Section 1983 action to challenge the fact or duration of his
10   confinement.  Id. at 481.  Unless the prisoner has first directly
11   invalidated his conviction/sentence through relief sounding in
12   habeas corpus, Heck bars damages sought in a Section 1983 action
13   based on theories that "necessarily imply the unlawfulness of a
14   (not previously invalidated) conviction or sentence." Wilkinson
15   v. Dotson, 544 U.S. 74, 81 (2005); see also Muhammad v. Close, 54
16   U.S. 749, 751 (2004) (where "success in a ... [§] 1983 damages
17   action would implicitly question the validity of conviction or
18   the duration of sentence, the litigant must first achieve
19   favorable termination of his available state, or federal habeas,
20   opportunities to challenge the underlying conviction or
21   sentence.").

22   Plaintiff argues that he is not pursuing the Heck-proscribed
23   avenue of challenging the additional 150-day sentence he received
24   as a result of the altercation at issue.   While he instead
25   claims he is seeking only damages, his case nonetheless falls
26   squarely within the purview of Heck because he has not directly
27   invalidated the result of the disciplinary proceedings instituted
28   against him.  The Court's ruling on the Motion in Limine at issue

1   barred introduction of evidence showing that Plaintiff acted in
2   self-defense during the course of the altercation.  Such evidence
3   runs afoul of <u>Heck</u> since, if Plaintiff did act in self-defense,
4   the punishment he received for the incident would be presumably
5   invalid.  Unlike <u>Wilkinson</u>, where the prisoners sought relief
6   that would only render invalid the <u>procedures</u> used to suitability
7   or eligibility for parole, and would not go to the <u>substance</u> of
8   the prisoners' case, here introduction of evidence going to the
9   <u>substantive</u> offense itself would operate to impermissibly nullify
10  the proceedings resulting in Plaintiff's increased sentence.
11  In the present case, the only legitimate inquiry for section 1983
12  purposes was whether Defendant used excessive force in response
13  to the assault Plaintiff was found to have perpetrated.  Evidence
14  as to excessive force was permitted because it did not operate to
15  necessarily invalidate the result of the disciplinary proceedings
16  otherwise unchallenged by Plaintiff through habeas corpus.  <u>See</u>
17  <u>Sanford v. Motts</u>, 258 F.3d 1117, 1119-20 (9th Cir. 2001) (a
18  successful section 1983 suit based on excessive force would not
19  necessarily imply the validity of conviction because the
20  officer's use of excessive force occurred subsequent to the
21  conduct for which plaintiff was convicted.).

22      Plaintiff's second challenge concerns the propriety of jury
23  selection in this matter.  After Defendant exercised a peremptory
24  challenge removing the only black juror from the jury panel,
25  Plaintiff made a <u>Batson/Edmondson</u> challenge.  Plaintiff claims
26  the Court's denial of that challenge constituted legal error.
27  ///
28  ///

1        In <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), the Supreme Court

2  held that a black criminal defendant's equal protection rights

3  are abridged if the prosecutor utilized peremptory challenges, in

4  a purposefully discriminatory, systematic manner, so as to

5  purposefully remove from a jury members of the defendant's own

6  race.  The rationale of <u>Batson</u> was extended to peremptory

7  challenges in civil actions by <u>Edmondson v. Leesville Concrete</u>

8  <u>Co., Inc.</u>, 500 U.S. 614 (1991).

9        <u>Batson/Edmondson</u> claims are analyzed using a three-prong

10  standard.  First, a prima facie showing must be made that a juror

11  or jurors have been challenged on the basis of race.  Secondly,

12  once this prima facie case is established, the burden shifts to

13  the opposing party to articulate a neutral, nondiscriminatory

14  reason for the peremptory challenge.  Finally, the Court must

15  then weigh whether purposeful discrimination has been shown on

16  the basis of the evidence before it.  <u>Miller-El v. Cockrell</u>, 537

17  U.S. 322, 328-29 (2003).  The facts and circumstances surrounding

18  the exercise of the peremptory challenge must raise an inference

19  of discrimination.  <u>Cooperwood v. Cambria</u>, 245 F.3d 1042, 1045-46

20  (9th Cir. 2001), <u>cert. denied</u> 534 U.S. 900 (2001).

21        The black juror challenged by Defendant in this case was the

22  only African-American individual in the jury panel.  Defendant's

23  first two challenges, however, were to remove Caucasian

24  candidates.  Given the fact that there was necessarily no pattern

25  of excluding black jurors under these circumstances, it appears

26  questionable whether Plaintiff can even make a prima facie case

27  of exclusion based on race.

28  ///

5

1  Even if one assumes that Plaintiff can surpass that initial

2  hurdle, however, Defendant articulated a legitimate, non-

3  discriminatory reason for challenging the juror in question by

4  arguing that she lacked the life experiences that Defendant's

5  counsel sought in selecting a jury favorable to the defense.

6  Defendant's counsel explained, at the time Plaintiff made his

7  oral challenge during the voir dire process, that Price, the

8  juror ultimately chosen over the challenged black candidate

9  (McReynolds) had family members possessing both law enforcement

10 and prison-related experience.  McReynolds' background, on the

11 other hand, matched none of the criteria included within

12 Defendant's preferred juror profile, according to defense

13 counsel.[2]  While Plaintiff argues that the Court should have

14 engaged in a detailed side-by-side comparison of all retained

15 jurors to the rejected black panelist, the Court disagrees.

16 There were no multiple challenges to black jurors in this case.

17 Moreover, defense counsel did identify a non-discriminatory

18 reason for rejecting the particular juror in question.  There is

19 no requirement that any more stringent showing be made.  There

20 simply was no inference of discrimination under these

21 circumstances pursuant to which a valid <u>Batson-Edmondson</u>

22 challenge should have been sustained.

23

24      [2]As delineated in the Declaration of Misha D. Igra filed in
   Opposition to this Motion, Price possessed military service, had
25 a child employed at Folsom State Prison, and had two sons-in-law
   that either were or had been incarcerated.  Ms. McReynolds, on
26 the other hand, had no such background.  Igra Decl., ¶ 8.  The
   trial transcript supports Ms. Igra's claims in this regard
27 indicating that she indeed voiced the opinion, at the time the
   <u>Batson/Edmondson</u> challenge was made, that Price's life experience
28 mad his a more favorable defense juror because of his background
   and that of his family members.

6

1    Because the Court does not find that legal error was
2 committed as to either of the proffered grounds for seeking a new
3 trial under Rule 59(b), Plaintiff's Motion for New Trial is
4 DENIED.[3]

5    IT IS SO ORDERED.

6
7 Dated: June 8, 2007
8
9                                   _____
10                                  MORRISON C. ENGLAND, JR.
                                    UNITED STATES DISTRICT JUDGE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27    [3] Because oral argument will not be of material assistance,
   the Court ordered this matter submitted on the briefing.  E.D.
28 Cal. Local Rule 78-230(h).

                                   7