UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY SIMPSON,                              No. 2:03-cv-00591-MCE-GGH P

     Plaintiff,

  v.                                       MEMORANDUM AND ORDER

SERGEANT THOMAS, et al.,

     Defendants.

----oo0oo----

Presently before the Court is Plaintiff's Bill of Costs by which, pursuant to Federal Rule of Appellate Procedure ("FRAP") 39(e), he seeks various costs of his successful appeal.

Plaintiff appealed to the Ninth Circuit from an unfavorable jury verdict handed down after a trial in this Court. On June 11, 2008, the Court of Appeals issued a judgment vacating that verdict and remanding the case.

The appellate court did not allocate costs, and on June 25, 2008, Plaintiff filed a Bill of Costs in this Court seeking taxation of those costs incurred on appeal.

///

1

The Court denied Plaintiff's first submission without prejudice pending issuance of the Ninth Circuit's mandate. On September 3, 2008, the appellate court issued its mandate, and Plaintiff re-filed his cost bill on September 11, 2008. Because this Court finds Plaintiff's Bill of Costs to be timely, and because the Court rejects the remainder of Defendant's arguments against the taxation of costs, those costs, in the amount of $1,386, are so taxed.[1]

## ANALYSIS

**I.   THE TEN-DAY LIMIT PRESCRIBED BY LOCAL RULE 54-292 APPLIES TO COST BILLS FILED PURSUANT TO FRAP 39(3)**

Federal Rule of Appellate Procedure 39(e) states:

> **Costs on Appeal Taxable in the District Court.** The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

///

///

---

[1] The total costs taxed currently includes only the costs of the transcripts necessary to pursue Plaintiff's appeal. However, Plaintiff has also shown that he was required, per order of the Court of Appeals, to pay $455.00 in filing and docketing fees. At the time of the filing of his Bill of Costs, those fees had not been deducted from Plaintiff's inmate trust account. Thus, those costs cannot now be taxed against Defendant. Nevertheless, should those fees be deducted from Plaintiff's account in the future, they too are to be taxed against Defendant.

1   Defendant argues that because FRAP 39(e) does not itself
2 mandate any filing deadlines, Eastern District Local Rule 54-292,
3 which requires filing a cost bill within ten days of an entry of
4 judgment, governs.  Plaintiff, to the contrary, makes several
5 arguments in support of his position that no time limit applies
6 to a Rule 39(e) bill of costs filing.
7   First, according to Plaintiff, Local Rule 54-292 applies
8 only to costs incurred and taxed in the District Court and, since
9 no limit is prescribed in FRAP 39(e) regarding costs <u>incurred on
10 appeal</u>, but taxable in the District Court, no time limit applies
11 in the instant case.  However, Plaintiff's interpretation runs
12 contrary to the plain language of Local Rule 54-292(f)(10), which
13 clearly states that it applies to "[c]osts on appeal taxable in
14 the District Court pursuant to Rule 39(e) of the Federal Rules of
15 Appellate Procedure."
16   Additionally, Plaintiff argues that, though FRAP 39 has been
17 amended several times, no time limit has ever been introduced
18 into section 39(e), and, thus, the Court should infer no time
19 limit was intended.  Nevertheless, an alternative interpretation,
20 that the drafters intended local rules to govern, is equally
21 plausible.
22   Finally, Plaintiff relies on <u>Choice Hotels Int'l, Inc. v.
23 Kaushik</u> to support his position that no time limit should be
24 imposed on 39(e) cost bills.  203 F. Supp. 2d 1281 (M.D. Ala.
25 2002).
26 ///
27 ///
28 ///

In that case, local district rule 54.1 stated that "requests for taxation of costs (other than attorneys' fees) under Federal Rule of Civil Procedure 54(d) shall be filed with the Clerk within 30 days after entry of final judgment from which an appeal may be taken." Id. at 1284. "Federal Rule of Civil Procedure 54(d), in turn, provide[d] that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'" Id. Accordingly, that district court concluded that its local rule simply did not apply to appellate cost bills. Rather, "as indicted by its clear language, the local rule [was] fundamentally and, indeed, exclusively concerned with those cost bills filed immediately after trial for the costs of trial." Id. The court reached its conclusion in part because the local rule specifically referred to judgments from "which an appeal may be taken" and also because the local rule referenced costs sought only under FRCP 54(d). Id.

The local rule in this Court is much different from the rule analyzed in Alabama. Eastern District of California Local Rule 54-292(f) expressly states that it applies to costs taxed under FRAP 39(e). Therefore, the logic applied in Choice Hotels is inapposite.

The Court finds Plaintiff's remaining case law to be equally inapplicable in light of the specificity of Local Rule 54-292, which, by its own terms, applies to costs taxed under FRAP 39(e). Therefore, this Court finds that the ten-day limit imposed by the Local Rules is applicable to the filing of a Bill of Costs filed pursuant to FRAP 39(e).

///

4

**II.  THE TIME IN WHICH A SUCCESSFUL APPELLANT MUST FILE A BILL OF COSTS RUNS FROM THE ISSUANCE OF COURT OF APPEALS' MANDATE**

The parties also disagree regarding when the ten-day period begins to run.  The crux of the parties' dispute turns on their contradictory interpretations of "entry of judgment" as it is used in Local Rule 54-292.  Defendant argues that Plaintiff was required to submit his Bill of Costs within ten days of the Ninth Circuit's actual entry of its decision, which occurred on June 11, 2008.  Plaintiff contends that he was not required to file until the Ninth Circuit issued its mandate.

According to Rule 41(c), the "mandate is effective when issued."  Additionally, the advisory committee notes from the 1998 Amendment to Rule 41 state, "A court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed."

Additionally, "[t]he legitimacy of an expectation of finality of an appellate order depends on the issuance or not of the mandate required to enforce the order. [The Ninth Circuit has] stated that until a mandate is issued, a case is not closed.  The parties may petition the court for a rehearing.  The jurisdiction of the court of appeals does not terminate until issuance of the mandate.  A court of appeals may modify or revoke its judgment at any time prior to issuance of the mandate, *sua sponte* or by motion of the parties.  Thus, finality of an appellate order hinges on the mandate, as does a defendant's expectation of finality."  U.S. v. Foumai, 910 F.2d 617, 620 (9th Cir. 1990).

5

1    Moreover, "the entry of judgment [is] the starting point.
2 The entry of judgment, as explained by Wright and Miller in their
3 interpretation of Rule 41 of the Federal Rules of Civil
4 Procedure, is the moment in which the District Court received the
5 mandate." Sudouest Import Sales Corp. V. Union Carbide Corp.,
6 102 F.R.D. 264 (D. P.R. 1984).  Therefore, this Court finds that
7 Plaintiff was not required to file his Bill of Costs until the
8 Ninth Circuit's mandate had issued.

9    Finally, it is of no small consequence that this Court lacks
10 jurisdiction over a case until the mandate is handed down.  See
11 Sgaraglino v. State Farm Fire and Cas. Co., 896 F.2d 420, 421
12 (9th Cir. 1990); U.S. v. Arnett, 2006 WL 2796448 *10 (E.D. Cal.
13 2006).  The Court simply did not have the power to entertain
14 Plaintiff's Bill of Costs until September 3.  Accordingly, on
15 June 25, 2008, the Court denied Plaintiff's first cost bill
16 without prejudice specifically because no mandate had been
17 forthcoming.  The Court has not since changed its mind.

18    Thus, because the Ninth Circuit issued its mandate on
19 September 3, 2008, and because Plaintiff submitted his Bill of
20 Costs within the ten subsequent days prescribed by the local
21 rules, Plaintiff's filing was timely.  Plaintiff is entitled to
22 his costs under Rule 39(e).[2]

---

[2] As a final matter, the Court disagrees with Defendant's assertion that Plaintiff must ultimately prevail in this action in order to recover fees pursuant to FRAP 39(e).  FRAP 39(e) very clearly provides that "if a judgment is reversed, costs are taxed against the appellee."  This rule is limited only by other applicable rule or court order.  Defendant argues without support that the Prison Litigation Reform Act ("PLRA"), supersedes FRAP 39(e) and limits cost sought pursuant to the appellate rules.
(continued...)

**CONCLUSION**

Plaintiff is entitled to the costs of his appeal. Accordingly, the $1,386.00 incurred for the costs of the transcripts necessary to his appeal is hereby taxed against Defendant. Additionally, if the additional $455.00 in filing and docketing fees is eventually deducted from his inmate trust account, those costs are to be taxed against Defendant as well.

IT IS SO ORDERED.

Dated: December 19, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] (...continued)
Nevertheless, Defendant cites to no authority for this proposition and, instead, relies only on case law limiting the award of attorneys' fees. That authority is inapposite, and this Court finds that FRAP 39(e) is not so limited.