```
 1
 2
 3
 4
 5
 6
 7                    UNITED STATES DISTRICT COURT
 8                   EASTERN DISTRICT OF CALIFORNIA
 9
10   GARY SIMPSON,                    No. 2:03-cv-00591-MCE-GGH
11              Plaintiff,
12        v.                          MEMORANDUM AND ORDER
13   SERGEANT THOMAS, et al.,
14              Defendants.
15                          ----oo0oo----
```

16    Prior to Plaintiff's original trial in this excessive force
17 action, this Court granted Defendant's Motion in Limine, filed
18 pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), to exclude
19 evidence that Plaintiff may have acted in self defense.  The
20 Ninth Circuit reversed determining that the Heck doctrine acted
21 not as a rule of evidence, but as a complete bar to § 1983
22 claims.  Accordingly, Thomas has now moved for summary judgment
23 arguing that Plaintiff's § 1983 claim is barred in its entirety.
24 For the following reasons, Defendants' Motion is denied.[1]
25 ///
26

---

27    [1] Because oral argument will not be of material assistance,
   the Court ordered this matter submitted on the briefing.  E.D.
28 Cal. Local Rule 78-230(h).

                                  1

**BACKGROUND**[2]

1. **Factual Background**

While incarcerated, Plaintiff allegedly failed to comply with a repeated direct order to remove a window covering. An altercation ensued during which Plaintiff took Defendant down by the neck and managed to wrestle Defendant's pepper spray away from him. Plaintiff alleges that Defendant threw the first punch.

A Rule Violation Report was issued against Plaintiff relative to the event. Plaintiff defended, claiming he battered Defendant only in self-defense. Following an investigation and hearing, Plaintiff was found guilty of battery and was assessed 150 days of Behavioral Credit Forfeiture, in effect lengthening his sentence. Simpson has not invalidated the loss of credits resulting from his disciplinary hearing.

2. **Procedural Background**

Plaintiff eventually filed this § 1983 excessive force action against Defendant. Prior to trial by jury, Defendant filed a Motion in Limine seeking to exclude Plaintiff's proffered testimony that Defendant had punched Plaintiff upon entering the cell, and that Plaintiff's subsequent actions were in self-defense.

///

---

[2] The facts pertinent to the disposition of the instant Motion are undisputed.

2

Pursuant to Heck, this Court granted Defendant's motion and excluded any evidence or testimony that Plaintiff acted in self-defense, explaining that such evidence would invalidate the finding of guilt in Plaintiff's prison disciplinary proceeding. Accordingly, the Court found that Plaintiff was barred from raising any legal theory at trial which would necessarily invalidate the finding of guilt at his disciplinary hearing and resultant loss of good-time credits. The sole issue Plaintiff was allowed to raise was whether Defendant used excessive force in response to Plaintiff's assault.

Trial resulted in a jury verdict in favor of Defendant, and this Court denied Plaintiff's subsequent Motion for New Trial. Plaintiff appealed, and the Ninth Circuit reversed and remanded for a new trial. Simpson v. Thomas, 528 F.3d 685, 696 (9th Cir. 2008). The appellate court specifically addressed whether Heck may be used as an evidentiary bar and determined that Heck does not create a rule of evidence exclusion.

Defendant now moves for summary judgment arguing that, for the same reasons the Court originally excluded Plaintiff's evidence of self-defense, his § 1983 claim is now barred in its entirety.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

1  One of the principal purposes of Rule 56 is to dispose of
2  factually unsupported claims or defenses. Celotex Corp. v.
3  Catrett, 477 U.S. 317, 323-324 (1986).
4      Rule 56 also allows a court to grant summary adjudication on
5  part of a claim or defense. *See* Fed. R. Civ. P. 56(a), (b). The
6  standard that applies to a motion for summary adjudication is the
7  same as that which applies to a motion for summary judgment. See
8  Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp.
9  2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)).
If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e).

///
///
///

4

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). Stated another way, "before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586-87.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.

///

Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

The Heck doctrine addresses the potential for conflict between § 1983 and 28 U.S.C. § 2254. See Simpson, 528 F.3d at 692. "[A] state prisoner cannot use a § 1983 action to challenge 'the fact or duration of his confinement,' because such an action lies at 'the core of habeas corpus.'" Id. at 693, quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). Additionally, prisoners cannot "seek restoration of good-time credits under § 1983 because restoration of good-time credits challenges 'the very fact or duration of their confinement.'" Id., quoting Wolff v. McDonnell, 418 U.S. 539, (1974).

To resolve the potential for conflict, the Supreme Court determined in Heck that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-487.

///
///
///

Thus, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Id. at 487.

Accordingly, under Heck, the crux of the instant dispute turns on whether a finding that Plaintiff is entitled to § 1983 relief based on his excessive force claim will necessarily invalidate his disciplinary conviction and consequent loss of good-time credits. Pursuant to the Ninth Circuit's ruling in Simpson, 528 F.3d 685, reversing this Court's evidentiary ruling, it appears that, if the Court now finds that a successful excessive force claim will not necessarily invalidate Plaintiff's battery conviction, Plaintiff is entitled to put on evidence of self-defense. If, on the other hand, the Court determines a successful § 1983 verdict would necessarily invalidate the disciplinary action, then Plaintiff is foreclosed from raising the claim at all. For the following reasons, the Court determines that success on Plaintiff's instant claim will not necessarily invalidate his disciplinary proceeding.

///
///
///
///

First, the self-defense privilege that Plaintiff raised in the course of his administrative proceedings is not absolute. By way of example, Plaintiff could not seek protection under the defense if he had exceeded the scope of force needed to protect himself. See Hernandez v. City of Los Angeles, 624 F.2d 935, 937 (9th Cir. 1980) ("The jury could have found either that the self-defense instruction was irrelevant to the resisting arrest charge or that both [plaintiff] and the police officers used excessive force"). According to the record, the hearing officer assigned to Plaintiff's disciplinary action did not state whether Plaintiff's self-defense claim was rejected in its entirety, or whether, for example, that officer instead determined that Defendant struck first, but Plaintiff responded by using more force than was required to protect himself, thus resulting in a non-privileged attack. Indeed, as the Ninth Circuit pointed out in Simpson, "whether [Defendant] punched [Plaintiff] as soon as [Defendant] entered the cell was not 'an issue of ultimate fact' determined in a valid and final judgment in the prison administrative proceeding." 528 F.3d at 696. Thus it remains unclear from those proceedings under which theory, if either, the officer rejected Plaintiff's self-defense argument. Since Plaintiff could have been convicted of battery even if he had initially acted in self-defense, and since it is not clear from the record that such was not the case, Plaintiff's instant claim is not barred.

Nevertheless, Defendant argues that this circuit has refused to allow § 1983 excessive force claims to proceed under Heck.

///

However, the case law allegedly supporting his proposition arose in the context of underlying convictions for, *inter alia*, felony murder and resisting arrest. See Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2003); Smith v. City of Hemet, 394 F.3d 689, (9th Cir. 2005). To be found guilty of felony murder required a finding that the civil Plaintiff had committed an "intentional provocative act," which was defined, in part, as "not in self-defense." Cunningham, 312 F.3d at 1152. Likewise, conviction for resisting arrest required that the defendant officer have lawfully effectuated the arrest. Smith, 394 F.3d at 695. Thus, a finding that an officer used excessive force in either of those scenarios would have necessitated a finding that either the civil plaintiff was not acting in self-defense at the time of the pertinent altercation or that the officer acted unlawfully in arresting that individual. Both findings would negate the relevant underlying crimes.[3]

///
///

---

[3] The only other factual scenario raised in a case on which Defendant relies involved a plaintiff, who pled nolo contendere to a battery charge, then filed an excessive force claim, and attempted to argue he had remained entirely passive during the events giving rise to his civil cause of action. Frost v. City and County of San Francisco, 2006 U.S. Dist. LEXIS 37453 (N.D. Cal.). The Frost court noted that the plaintiff's "version of events, if believed sufficiently to find Defendants liable for excessive force, would call into question the very basis of [p]laintiff's battery conviction. Alternatively, if a jury were to find that Plaintiff did strike officers, but only in self-defense, that finding would also necessarily imply the invalidity of Plaintiff's battery conviction because by pleading nolo contendere Plaintiff waived any defenses." Id. at *9. The instant case is factually distinguishable because Plaintiff never claimed to have remained passive during the pertinent altercation, nor did he waive his defense at any point.

1 | That is simply not true in the instant case. Even if
Defendant acted unlawfully by using excessive force, Plaintiff
could still have been guilty of battery if Plaintiff also used
excessive force. See Hernandez, 624 F.2d at 937-938; see also
Lockett v. Suardini, 526 F.3d 866, 873 (6th Cir. 2008)
(Defendants "conceded at oral argument that [plaintiff's] Eighth
Amendment excessive-force claim [was] not barred by Heck because
[plaintiff's] disruptive and threatening behavior...would not
justify the allegedly excessive force that [plaintiff] was
subjected to, even if [plaintiff] was in fact guilty of
assault."); Huey v. Stine, 230 F.3d 226, 230 (6th Cir. 2000)
(noting in dicta that "[i]n general, the federal courts hold that
Eight Amendment claims do not run afoul of Heck because the
question of the degree of force used by a police or corrections
officer is analytically distinct from the question whether the
Plaintiff violated the law."). Accordingly, a verdict in favor
of Plaintiff on the excessive force claim does not necessarily
invalidate his disciplinary conviction.

Finally, the Court observes that while it originally held
that Heck operated to bar Plaintiff's proffered evidence of self-
defense, the Court also implicitly determined that, on the
instant facts, success on Plaintiff's excessive force claim
itself would not necessarily have invalidated Plaintiff's
underlying disciplinary conviction. Otherwise, the Court would
have barred Plaintiff's claim in its entirety. See Order Denying
Plaintiff's Motion for New Trial, 4:11-16 (June 8, 2007).
///
///

Moreover, in his original Motion in Limine, Defendant conceded as much when he stated, "[A] judgment in Simpson's favor as to Sergeant Thomas' use of force subsequent to Simpson assaulting him would not necessarily invalidate the findig [sic] of guilt at Simpson's disciplinary hearing and resultant loss of good-time credits for assaulting Sergeant Thomas." Defendant's Motion in Limine, 15:6-9 (Feb. 7, 2007). At that time, Defendant chose not to challenge Plaintiff's claim in its entirety, and instead relied on <u>Heck</u> only as a purported evidentiary bar. Nevertheless, Defendant now seeks to make the leap from his narrow assertion that limited evidence should have been excluded to the argument that Plaintiff's entire claim is barred. For each of above reasons, the Court simply cannot make that leap.

**CONCLUSION**

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 259) is DENIED.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE